**UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY COURTHOUSE**

| | | |
|---|---|---|
| DANIEL BARNHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-2655 RDR/KGS |
| | ) | |
| RENT RECOVERY SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

DANIEL BARNHART (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against RENT RECOVERY SOLUTIONS, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant is located in the state of Kansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Shawnee, Johnson County, Kansas.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a Corporation with a business office in Atlanta, Georgia.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant's representative, Larry White, disclosed details of Plaintiffs alleged debt to Plaintiff's former boss.

14. When Plaintiff explained to Defendant that he was currently living at home and had no money to pay the alleged debt, Defendant told Plaintiff that it was an insult to have to live with his parents.

15. Defendant accused Plaintiff of not taking care of his child.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by stating Plaintiff owes a debt to a third party.

    b. Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of Plaintiff's debt.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

WHEREFORE, Plaintiff, DANIEL BARNHART, respectfully requests judgment be entered against Defendant, RENT RECOVERY SOLUTIONS, for the following:

17. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

**Plaintiff designates Kansas City as place for TRIAL.**

        RESPECTFULLY SUBMITTED,

        By: _____/s/ Adam Maxwell _____
        Adam Maxwell
        Attorneys for Plaintiff
        Krohn & Moss, Ltd.
        10474 Santa Monica Blvd., Suite 401
        Los Angeles, CA 90025

<u>**DEMAND FOR JURY TRIAL**</u>

  PLEASE TAKE NOTICE that Plaintiff, DANIEL BARNHART, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS

Plaintiff, DANIEL BARNHART, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DANIEL BARNHART, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

12/3/10
Date

DANIEL BARNHART